## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ZACHRY ALEXANDER BROWN, and
ZAC BROWN COLLECTIVE, INC.,

      Plaintiffs,

v.

KELLY YAZDI,

      Defendant.

CIVIL ACTION FILE NO.

1:24-CV-2203

## KELLY YAZDI BROWN'S
## ANSWER AND AMENDED COUNTERCLAIMS

In accordance with Federal Rule of Civil Procedure 15(a)(1)B), Defendant

Kelly Yazdi Brown demands a jury and submits her Answer[1] and Amended

Counterclaims to the Amended Complaint of Plaintiffs Zachry Alexander Brown

and Zac Brown Collective, Inc. ("ZBC"):

---

[1] Ms. Yazdi Brown's Answer and accompanying defenses are unchanged from Ms. Yazdi Brown's initial pleading. However, Ms. Yazdi Brown has re-filed her answer because counterclaims are not independent pleadings under Federal Rule of Civil Procedure 7.

# ANSWER

## INTRODUCTION[2]

1.     Denied.

2.     Admitted.

3.     Admitted.

4.     Denied.

5.     Denied.

6.     Ms. Yazdi Brown admits that, during her employment, she forwarded email messages from her business email address to her personal email address and that certain of the messages included information that concerns ZBC. The remaining allegations contained in this paragraph are denied.

7.     Ms. Yazdi Brown admits that she had access to confidential information concerning ZBC by virtue of her employment by ZBC. She further admits that she had contractual restrictions on the disclosure of confidential information. The remaining allegations contained in this paragraph are denied.

8.     Ms. Yazdi Brown admits that she was a party to a contract requiring the

---

[2] For clarity, Ms. Yazdi Brown repeats the general section headings used in the Amended Complaint. Ms. Yazdi Brown does not repeat the plaintiffs' improper use of subjective, false, and argumentative subheadings. *See* Fed. R. Civ. P 10(b) ("A party must state its claims or defenses in numbered paragraphs . . . ."). To the extent any headings may be construed as independent factual allegations, they are denied.

return of confidential information. The remaining allegations contained in this paragraph are denied.

9. Denied.

10. Denied.

## PARTIES, JURISDICTION, AND VENUE

11. Upon information and belief, admitted.

12. Upon information and belief, admitted.

13. Admitted.

14. Admitted.

15. Admitted.

## FACTUAL BACKGROUND

16. Upon information and belief, admitted.

17. Admitted.

18. Ms. Yazdi Brown admits the allegations contained in the first sentence of this paragraph. Ms. Yazdi Brown admits that she was hired to work as Social Media Coordinator for ZBC in August 2022. The remaining allegations contained in this paragraph are denied.

19. Ms. Yazdi Brown admits that she entered into an Employee Agreement on August 24, 2022, and further admits that the confidentiality provision of that

agreement is correctly quoted. The remaining allegations contained in this paragraph are denied.

20.     Admitted.

21.     Ms. Yazdi Brown admits the allegations contained in the first sentence of this paragraph. Ms. Yazdi Brown further admits that the quotations of the Confidentiality Agreement contained in this paragraph are correctly quoted. The remaining allegations contained in this paragraph are denied.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Ms. Yazdi Brown denies that she held the title Social Media Manager. Ms. Yazdi Brown admits she was promoted to a supervisory position, and that she had a role with respect to social media platforms for ZBC and Mr. Brown.  Ms. Yazdi Brown also admits that she and Mr. Brown were married in August 2023 and engaged in May of 2022, prior to her employment by ZBC. The remaining allegations contained in this paragraph are denied.

26.     Denied.

27.     Denied.

28.     Admitted.

29.     Ms. Yazdi Brown denies the allegations contained in the first sentence of this paragraph. Ms. Yazdi Brown admits the allegations contained in the second sentence of this paragraph.

30.     Denied.

31.     Ms. Yazdi Brown admits that she forwarded email messages to her personal email address on January 13, 2024, and that certain of those messages and attachments included information she received while employed by ZBC. The remaining allegations contained in this paragraph are denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied

36.     Ms. Yazdi Brown admits that she forwarded email messages to her personal email address on January 13, 2024, and that certain of those messages and attachments included information she received while employed by ZBC. She denies that this was done late at night in her time zone (Hawaii-Aleutian Standard Time). The remaining allegations contained in this paragraph are denied.

37.     Ms. Yazdi Brown admits that she forwarded email messages to her personal email address after January 13, 2024, and before the termination of her employment, and that certain of those messages and attachments included

information she received while employed by ZBC. The remaining allegations contained in this paragraph are denied.

38. Denied.

39. Ms. Yazdi Brown lacks knowledge sufficient to form a belief as to the truth of what Plaintiffs' suspect and such allegations are therefore denied.

40. Denied.

41. Ms. Yazdi Brown admits to posting to her personal Instagram account on May 4, 2024, that her privacy settings were set to Public, and that she had approximately 19,000 followers on Instagram at that time. The remaining allegations contained in this paragraph are denied.

42. Admitted.

43. Admitted.

44. Ms. Yazdi Brown lacks information sufficient to form a belief as to the truth of what any observer knows about Mr. Brown or would understand from the poem and the allegations contained in this paragraph are therefore denied.

45. Denied.

46. Denied.

47. Ms. Yazdi Brown admits that she posted a comment that her post was "Just a hint for Now, and so much more to come." The remaining allegations contained in this paragraph are denied.

48.    Admitted.

49.    Ms. Yazdi Brown admits that she has not removed the identified Instagram post. The remaining allegations contained in this paragraph are denied.

50.    Ms. Yazdi Brown admits to posting a video on Instagram containing the quotes referenced in paragraph 50. The remaining allegations contained in this paragraph are denied.

51.    Ms. Yazdi Brown denies that her May 15, 2024, Instagram post alluded to Mr. Brown's unreleased music composition. The remaining allegations contained in this paragraph are admitted.

52.    Ms. Yazdi Brown lacks information sufficient to form a belief as to the truth of what any observer knows about Mr. Brown or would understand from the poem and the allegations contained in this paragraph are therefore denied.

## COUNT ONE
### BREACH OF CONTRACT (EMPLOYEE AGREEMENT AND CONFIDENTIALITY AGREEMENT)
### THEFT OF CONFIDENTIAL INFORMATION

53.    Ms. Yazdi Brown incorporates by reference her responses set forth in Paragraphs 1 through 52.

54.    Ms. Yazdi admits that she entered into an Employee Agreement with ZBC through which she agreed to, among other things, not "disclose any Confidential Information, or use any Confidential Information, except as authorized by [ZBC]." Ms. Yazdi Brown denies that all aspects of the Employee Agreement

7

with ZBC are valid and binding. The remaining allegations contained in this paragraph are denied.

55.     Ms. Yazdi Brown denies that this paragraph quotes from §3(a) of the Employee Agreement. The remaining allegations contained in this paragraph are admitted.

56.     Admitted.

57.     Denied

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Ms. Yazdi Brown admits that paragraph 62 accurately quotes from the Confidentiality Agreement. The remaining allegations contained in this paragraph are denied.

63.     Denied.

## COUNT TWO
## PRELIMINARY AND PERMANENT INJUNCTION

64.     Ms. Yazdi Brown incorporates by reference her responses set forth in Paragraphs 1 through 63.

65.     Denied.

66.     Denied.

67.     Ms. Yazdi Brown admits that this paragraph correctly quotes excerpts of ¶ 6 of the Confidentiality Agreement. The remaining allegations contained in this paragraph are denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

## COUNT THREE
### BREACH OF CONTRACT (EMPLOYEE AGREEMENT AND CONFIDENTIALITY AGREEMENT)
### PUBLIC DISCLOSURE OF PRIVATE INFORMATION

72.     Ms. Yazdi Brown incorporates by reference her responses set forth in Paragraphs 1 through 71.

73.     Ms. Yazdi Brown admits that she entered into an Employee Agreement with ZBC through which she agreed to, among other things, not "disclose any Confidential Information, or use any Confidential Information, except as authorized by [ZBC]." Ms. Yazdi further admits that the Employee Agreement purports to incorporate the Confidentiality Agreement with ZBC. Ms. Yazdi Brown denies that all aspects of the Employee Agreement and Confidentiality Agreement with ZBC are valid and binding. Any remaining allegations contained in this paragraph are denied.

74. Denied.

75. Denied.

## COUNT FOUR
## ATTORNEYS' FEES AND LITIGATION EXPENSES

76. Ms. Yazdi Brown incorporates by reference her responses set forth in Paragraphs 1 through 75.

77. Admitted.

78. Denied.

## DENIAL OF DEMAND FOR RELIEF

Regarding the unnumbered paragraph beginning WHEREFORE, Ms. Yazdi Brown denies that Plaintiffs are entitled to any of the relief sought.

## GENERAL DENIAL

Any allegation contained in the Amended Complaint that is not expressly admitted in this Answer is denied.

## JURY DEMAND

Ms. Yazdi Brown demands a trial by jury.

## **DEFENSES**

Without assuming any burden that otherwise lies with the Plaintiffs, Ms. Yazdi Brown asserts the following affirmative defenses:

### **First Defense**

The Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### **Second Defense**

The Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### **Third Defense**

The Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### **Fourth Defense**

The Plaintiffs' claims are barred in whole or in part by payment or offset.

### **Fifth Defense**

The Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

### **Sixth Defense**

The Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## Seventh Defense

The Plaintiffs' claims for injunctive relief are barred because the relief requested is overbroad and would be a prior restraint barred by the First Amendment.

## Eighth Defense

The Plaintiffs' claims are barred in whole or in part by the doctrine of mistake.

## Ninth Defense

The Plaintiffs' claims are barred in whole or in part by the doctrines of first breach or excuse for non-performance.

## Tenth Defense

The Plaintiffs' claims are barred in whole or in part because they failed to mitigate damages.

## Eleventh Defense

The Plaintiffs' claims are barred in whole or in part because of mistake or failure of consideration.

## Twelfth Defense

The Plaintiffs' claims are barred in whole or in part because of illegality.

## Reservation of Right to Assert Additional Defenses

Ms. Yazdi Brown reserves the right to amend this pleading to assert additional defenses.

## COUNTERCLAIMS

In support of her counterclaims, Ms. Yazdi Brown alleges as follows:

## PARTIES

1.     Zachry Alexander Brown is a citizen of Fayetteville, Georgia.

2.     Zac Brown Collective, Inc. is a Georgia corporation with its principal place of business in Peachtree City, Georgia.

3.     Ms. Yazdi Brown is a citizen of Hawaii.

## JURISDICTION AND VENUE

4.     The Court has federal question subject matter jurisdiction over Ms. Yazdi Brown's federal counterclaim under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Ms. Yazdi Brown's remaining state law claims under 28 U.S.C. § 1367(a) because they are so related to Ms. Yazdi Brown's federal claim that they form part of the same case of controversy under Article III of the United States Constitution.

5.     The Court further has subject matter jurisdiction over these counterclaims under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.

6.     The Court has personal jurisdiction over Mr. Brown because he is a citizen of the state of Georgia.

7.     The Court has personal jurisdiction over ZBC because it is a Georgia corporation with its principal place of business in Georgia.

8.     Venue is proper under 28 U.S.C. § 1391(b) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

### Parties

9.     Kelly Yazdi Brown is the founder of Ride Wild, a SAG-AFTRA actress, stuntwoman, professional model, huntress, and brand ambassador.

10.     Prior to this litigation, Ms. Yazdi Brown actively posted on Instagram to her approximately 19,000 followers.

11.     As a professional model and brand ambassador, Ms. Yazdi Brown regularly utilizes her image and appearance, her large social media following, and her modeling portfolio for business purposes.

12.     Mr. Brown is the founder and lead singer of the music group Zac Brown Band.

13.     Mr. Brown owns and operates ZBC, which bills itself as an "entertainment and lifestyle branded parent company" for entities operating in the food, fashion, film, design, and "gear" sectors.

## **Ms. Yazdi Brown's Marriage to Mr. Brown and Employment With ZBC**

14.     Mr. Brown and Ms. Yazdi Brown met in Hawaii in December 2021 and began dating shortly thereafter.

15.     In 2022, Mr. Brown offered Ms. Yazdi Brown a job as the Social Media Coordinator for ZBC.

16.     Ms. Yazdi Brown accepted the offer and began work in August 2022.

17.     As a part of her employment, Ms. Yazdi Brown signed an Employee Agreement.

18.     Ms. Yazdi Brown thrived in her role as Social Media Coordinator and was promoted to the position of Executive Vice President on or about January or February 2023.

19.     Mr. Brown and Ms. Yazdi Brown married in August 2023.

20.     Mr. Brown and Ms. Yazdi Brown scheduled a private wedding party for November 18, 2023.

21.     Mr. Brown and Ms. Yazdi Brown also engaged a videographer to record the private party and, using footage of the party, prepare a wedding party video memorializing the party (the "Wedding Party Video").[3]

22.     Approximately one week prior to the wedding party, Mr. Brown put forward to Ms. Yazdi Brown the idea of using the private Wedding Party Video as the music video for Mr. Brown's song "Beautiful Drug (feat. Avicii) - Remix."

23.     Ms. Yazdi Brown agreed to the concept of Mr. Brown's proposal.

24.     Approximately 250 people attended the private wedding party in Nashville, Tennessee.

25.     Two days after the wedding party, the videographer shared a rough cut of the private Wedding Party Video with Ms. Yazdi Brown and Mr. Brown.

26.     On or about November 20, 2023, Ms. Yazdi Brown informed the videographer that more editing of the Wedding Party Video was required.

**Mr. Brown Divorces Ms. Yazdi Brown and Terminates Her Employment**

27.     Nine days after the wedding party, Mr. Brown unexpectedly informed Ms. Yazdi Brown over a Zoom call that he wanted a divorce.

28.     Shortly after informing Ms. Yazdi Brown of his intention to seek a divorce, Mr. Brown, without justification, barred Ms. Yazdi Brown from ZBC's

---

[3] The Wedding Party Video may be accessed at
https://www.youtube.com/watch?v=b4WbYUT9TIk

office and other company spaces and meetings and changed all passwords on social media accounts.

29.     These actions, which spanned months, stopped Ms. Yazdi Brown from performing her duties in compliance with her Employee Agreement.

30.     On January 18, 2024, Mr. Brown filed for divorce from Ms. Yazdi Brown.

31.     On January 29, 2024, Mark Kresser, Chief Executive Officer of ZBC, sent Ms. Yazdi Brown a "Separation of Employment" letter, stating, "we are providing you advance notice of our intention to effectuate the separation of your employment as of February 9, 2024."

32.     The stated reason for Ms. Yazdi Brown's termination was "[y]ou have not actively worked for several weeks at this point."

**Publication of the "Beautiful Drug (feat. Avicii) - Remix" Music Video**

33.     On February 21, 2024, Ms. Yazdi Brown accepted service of the divorce petition.

34.     The same day, ZBC, acting on behalf of Mr. Brown, posted a "teaser" of a music video for "Beautiful Drug (feat. Avicii) – Remix" which included footage from the Wedding Party Video and their private wedding party.

35.     On February 22, 2024, ZBC, acting on behalf of Mr. Brown, posted a second teaser of a music video for "Beautiful Drug (feat. Avicii) – Remix" which

included footage from the Wedding Party Video and their private wedding party.

36.     Also on February 22, 2024, ZBC, acting on behalf of Mr. Brown, posted the music video for the remix of "Beautiful Drug (feat. Avicii) – Remix." (the "Music Video.").[4]

37.     The Music Video includes much of the Wedding Party Video, including at least one image of Ms. Yazdi Brown, spliced with footage of a model (images on right) who bears a striking resemblance to Ms. Yazdi Brown (images on left).[5]



---

[4] The Music Video may be accessed at
https://www.youtube.com/watch?v=6rgZu_jZAJo

[5] A comparison of the Music Video to the Wedding Party Video may be viewed at
https://www.youtube.com/watch?v=ZXMl5KyFDqU&feature=youtu.be





38.     In the Music Video, the model is depicted as being an illegal drug-using, promiscuous reckless abuser of alcohol.

39.     Based on information and belief, the footage of the model in the Music Video was included based on the model's similar appearance to Ms. Yazdi Brown.

40.     Based on information and belief, the video was designed to paint Ms. Yazdi Brown in a false light.

41.     The rough cut of the Wedding Party Video shared by the videographer with Ms. Yazdi Brown was substantively different than the Music Video in that Ms. Yazdi Brown had largely been edited out and replaced with a look-alike model.

42.     Ms. Yazdi Brown never consented to the publication of the Music Video or the use of her image or likeness in it.

43.     Ms. Yazdi Brown never authorized the use of the Wedding Party Video for the Music Video.

44.     Ms. Yazdi Brown was never asked to sign a consent form or otherwise agree to the commercial use of the footage of her wedding party or her likeness or image or the use of the Wedding Party Video.

45.     Ms. Yazdi Brown has not received any compensation for the use of her image and likeness in the Music Video or for the use of the Music Video or the Wedding Party Video.

46.     On or about February 28, 2024, counsel for Ms. Yazdi Brown sent a cease-and-desist letter demanding that Mr. Brown and ZBC take down the Music Video.

47.     Mr. Brown and ZBC refused, and continue to refuse, to comply with this request.

## COUNT I – FALSE LIGHT
### (Against ZBC and Mr. Brown)

48.     Ms. Yazdi Brown incorporates the allegations in paragraphs 1 through 47.

49.     The Music Video was published to the public.

50.     The Music Video falsely depicts Ms. Yazdi Brown as an illegal drug-using, promiscuous reckless abuser of alcohol.

51.     This false depiction was made with knowledge of its falsity or in reckless disregard of the truth.

52.     The implication that Ms. Yazdi Brown behaves promiscuously, recklessly, irresponsibly, unprofessionally, and uses illegal drugs would be highly offensive to a reasonable person.

53.     The Music Video has damaged Ms. Yazdi Brown by injuring her reputation and in other ways.

## COUNT II – VIOLATION OF RIGHT OF PUBLICITY
### (Against ZBC and Mr. Brown)

54.     Ms. Yazdi Brown incorporates the allegations in paragraphs 1 through 47.

55. By splicing in footage of Ms. Yazdi Brown's wedding, including at least one image of Ms. Yazdi Brown, with a model of similar appearance, the video was to trade on public awareness that Mr. Brown had already commenced the divorce and to preemptively damage Ms. Yazdi Brown's reputation to protect Mr. Brown and ZBC's commercial interests that were at risk from those divorce proceedings.

56. The plaintiffs appropriated Ms. Yazdi Brown's image and likeness.

57. Ms. Yazdi Brown did not consent to the publication of the Music Video or to the use of her image or likeness as used in the Music Video.

58. The use of Ms. Yazdi Brown's image and likeness in the Music Video published for one of Mr. Brown's songs was done for the financial gain of the plaintiffs.

59. Ms. Yazdi Brown has suffered damages including but not limited to, of the fair market value of her appearance and damage to her reputation.

### COUNT III – FALSE ENDORSEMENT OR TRADEMARK INFRINGEMENT (LANHAM ACT)
**(Against ZBC and Mr. Brown)**

60. Ms. Yazdi Brown incorporates the allegations in paragraphs 1 through 47.

61. Based on her regular use of her image in social media posts, modeling, social media advertising, and brand ambassador and influencer work, Ms. Yazdi

Brown has substantial brand recognition in her appearance, which is protectable under the Lanham Act.

62.     By using the Wedding Party Video and splicing in footage of a model of similar appearance to Ms. Yazdi Brown, the plaintiffs misappropriated without consent Ms. Yazdi Brown's legally protected likeness.

63.     Upon information and belief, the use of a look-alike model has created confusion as to Ms. Yazdi Brown's involvement with or approval of the Music Video.

64.     Ms. Yazdi Brown has suffered damages, including but not limited to, the fair market value of her appearance, the plaintiffs' profits from the music video, and attorney's fees.

## COUNT IV – UNJUST ENRICHMENT
### (Against ZBC and Mr. Brown)

65.     Ms. Yazdi Brown incorporates the allegations in paragraphs 1 through 47.

66.     Through her participation in the Wedding Party Video, Ms. Yazdi Brown conferred a benefit on Mr. Brown and ZBC because, by using the Wedding Party Video, Mr. Brown and ZBC did not have to bear the cost of producing comparable footage for the Music Video which would have resulted in substantial cost. Nor did they compensate Ms. Yazdi Brown for the use of her likeness.

67.     Ms. Yazdi Brown did not expect the Wedding Party Video would be used at all because she had not authorized it and because of the divorce but would have expected and been entitled to compensation had she authorized its use.

68.     ZBC and Mr. Brown have received profits from the Music Video.

69.     It would be unjust for ZBC and Mr. Brown to utilize the benefit of Ms. Yazdi Brown's unauthorized participation without compensation.

## COUNT V – ATTORNEYS' FEES AND EXPENSES
### (Against ZBC and Mr. Brown)

70.     Ms. Yazdi Brown incorporates the allegations in paragraphs 1 through 47.

71.     The Plaintiffs have acted in bad faith, been stubbornly litigious, or caused Ms. Yazdi Brown unnecessary trouble and expense.

72.     Ms. Yazdi Brown is entitled to attorneys' fees and expenses under O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF AND JURY DEMAND

**WHEREFORE**, Ms. Yazdi Brown respectfully requests a trial by jury and that this Court enter judgment against the plaintiffs as follows:

a)  Dismissing the Claims against Ms. Yazdi Brown.

b)  Entering judgment in favor of Ms. Yazdi Brown on her Amended Counterclaims.

c) Awarding Ms. Yazdi Brown damages, including nominal damages and punitive damages, if appropriate, in an amount to be determined at trial, plus pre- and post-judgment interest, costs, and attorneys' fees; and

d) Enjoining ZBC and Mr. Brown from displaying or otherwise publishing the Music Video.

e) Granting Ms. Yazdi Brown such other relief as this Court deems just and proper.

Respectfully submitted, this 6th day of September, 2024.

**THE KHAYAT LAW FIRM, INC.**

*/s/ Robert C. Khayat, Jr.*
Robert C. Khayat, Jr.
Georgia Bar No. 416981
rkhayat@khayatlawfirm.com
Brian D. Spielman
Georgia Bar No. 596026
bspielman@khayatlawfirm.com

75 14th Street, N.E., Suite 2750
Atlanta, Georgia 30309
Telephone: (404) 978-2750
Facsimile: (404) 978-2901

*Counsel for Kelly Yazdi Brown*

**BAKER & HOSTETLER LLP**

*/s/ R. Jason D'Cruz*
R. Jason D'Cruz
Georgia Bar No. 004740
jdcruz@bakerlaw.com
S. Derek Bauer
Georgia Bar No. 042537
dbauer@bakerlaw.com

1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309-7676
Telephone: (404) 459-0050
Facsimile: (404) 459-5734

*Attorneys for Kelly Yazdi Brown*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was electronically filed this day with the Clerk of the Court through the CM/ECF system, which will send notice of electronic filing to counsel of record.

This 6th day of September, 2024.

*/s/ Robert C. Khayat, Jr.*
Robert C. Khayat, Jr.
Georgia Bar No. 416981
